IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

    Plaintiff,

      v.

PHILIP P. DEMBURE,

    Defendant.

CIVIL ACTION FILE
NO. 1:25-CV-6022-TWT

## OPINION AND ORDER

This is a declaratory judgment case. It is before the Court on Plaintiff American General Life Insurance Company's ("American General") Motion to Dismiss Counterclaim [Doc. 12]. For the reasons set forth below, the Court GRANTS Plaintiff American General's Motion to Dismiss Counterclaim [Doc. 12].

### I.    Background[1]

In 2003, American General issued two life insurance policies to Glenda Dembure, totaling $1,250,000. (Compl. ¶¶ 5–6 [Doc. 1].) The insured designated her spouse, Defendant Philip P. Dembure, as the primary beneficiary of each policy. (*Id.*) She designated her son, Philip M. Dembure, as the contingent beneficiary of each. (*Id.*) The insured died in 2021. (*Id.* ¶ 10.)

---

[1] The Court accepts as true the facts alleged in the Counterclaim for purposes of the present Motion to Dismiss. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019). The Court also accepts as true any facts alleged in the Complaint that the Defendant admitted.

In May 2025, the Defendant informed American General that his son had deposited two checks from the life insurance policies into "an account not familiar to [the Defendant]" and requested clarification on who the insured designated as the beneficiary of the policies. (*Id.* ¶ 17.) The Defendant noted that his son had instructed him to endorse a check from one of the life insurance policy but had been "shredding documents" and otherwise "not cooperating" in the time since. (*Id.*) In August 2025, the Defendant sent a letter to American General pursuant to O.C.G.A. § 33-4-6, "demand[ing] payment of the entire amount of benefits under the policies at issue," less $300,000 that the Defendant received from his son as proceeds from the policies. (*Id.* ¶ 19.) American General has refused to do so as of the date of the Counterclaim. (Countercl. ¶ 10 [Doc. 10].)

American General filed suit first, seeking a declaration that it satisfied its obligations by paying the proceeds of the insurance policies to one "Philip Dembure." (Compl. ¶¶ 23, 28.) The Defendant responded with a counterclaim, alleging under O.C.G.A. § 33-4-6 that American General refuses in bad faith to pay the policy benefits owed to him—the primary beneficiary. (Countercl. ¶¶ 10–11.) Now the Court considers American General's Motion to Dismiss the Defendant's Counterclaim.

## II.    Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it

appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts and even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 994–95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that, at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III.    Discussion

#### A. Refusal to Pay

The Defendant asserts a refusal-to-pay counterclaim under O.C.G.A. § 33-4-6. The statute imposes liability on insurers who refuse to pay the

benefits owed under an insurance policy "within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith." O.C.G.A. § 33-4-6. At the heart of the Defendant's counterclaim is the allegation that American General did not "exercise reasonable diligence" when it processed a claim form that the Defendant did not submit and made out checks to a name that matched both the primary and contingent beneficiaries on the policy. (Countercl. ¶¶ 2–8.) While American General alleges in its own Complaint that it received a valid claim form for "Philip Dembure"—with "spouse" listed as the relationship to the insured, a birth year supposedly matching the senior Dembure, and a P.O. Box address, (Compl. ¶ 11)—the Defendant alleges that he did not submit such a form, that his address has never been the P.O. Box listed, and that the insurance policy lists a different address for the insured (and supposedly him). (Countercl. ¶ 2, 4–5.) He further alleges that American General was on notice that both the primary and contingent beneficiaries shared the same first and last name because both were listed in the policy. (*Id.* ¶ 3.)

American General moves to dismiss, offering two main arguments. It contends that the counterclaim is "legally defective" because the Defendant admitted that the company paid the policies's benefits in accordance with the claim form it received. (Br. in Supp. of Pl.'s Mot. to Dismiss Countercl., at 6 [Doc. 12-1].) American General further suggests that the Defendant's claims

4

lie against his son, not the company. Second, American General contends that "negligent claim handling" does not amount to a "bad faith" refusal to pay. (Reply Br. in Supp. of Pl.'s Mot. to Dismiss Countercl., at 3–4 [Doc. 17].)

There has been no refusal by the insurance company to pay the benefits due under the insurance policies. An insurer's refusal is made in bad faith if the grounds for the refusal are "frivolous or unfounded." *Roland v. Ga. Farm Bureau Mut. Ins. Co.*, 265 Ga. 776, 777 (1995). By contrast, an insurer that has "reasonable grounds" to refuse payment "cannot be held liable for a penalty based on bad faith refusal to pay." *Id.* (citing *Rice v. State Farm Fire & Cas. Co.*, 208 Ga. App. 166, 166 (1993)); *see also Laws. Title Ins. Corp. v. Griffin*, 302 Ga. App. 726, 731 (2010) ("Penalties for bad faith are not authorized [ ] where the insurance company has any reasonable ground to contest the claim and where there is a disputed question of fact." (quoting *Assurance Co. of Am. v. BBB Serv. Co.*, 259 Ga. App. 54, 58 (2002))). Moreover, Georgia courts have held that an insurer does not act in bad faith if a "doubtful question of law" is the basis for the refusal. *Fireman's Fund Ins. Co. v. Dean*, 212 Ga. App. 262, 266 (1994) (quoting *Schoen v. Atlanta Cas. Co.*, 200 Ga. App. 109, 111 (1991)) (reversing the trial court's decision to deny the insurer's motion for a directed verdict on the bad faith issue); *Auto-Owners Ins. Co. v. Neisler*, 334 Ga. App. 284, 290 (2015) ("[A] complete failure to prove any defense to an action on the policy is 'evidence of the bad faith contemplated by O.C.G.A. § 33-4-6." (quoting

*Reserve Life Ins. Co. v. Ayers*, 217 Ga. 206, 213 (1961))).

Accepting his allegations as true and drawing all inferences in his favor, the Court cannot say that the Defendant has sufficiently alleged bad faith. Here, the Defendant does not allege that the claim form that American General processed lacked the necessary identifying information or signatures or otherwise contained strong indications that the document was forged. Absent such allegations, it can only be said that American General did its duty in processing the claim form and making out checks to the name listed, which matched the first and last name of the policies' primary beneficiary. American General's refusal now to not make out additional checks is not based on "frivolous" or "unfounded" reasons but rather a belief that the company already satisfied its obligations under law—the question of which American General currently presents to this Court.

Georgia law provides that an insurer is "fully discharge[d] . . . from all claims under the policy" if it pays "the person [ ] designated in the policy . . . as being entitled to the proceeds," unless it receives written notice of some other claim beforehand. O.C.G.A. § 33-24-41. And at least one Georgia court has considered similar facts and held that the insurer did not err by refusing payment.[2] *See Emery v. Guar. Tr. Life Ins. Co.*, 358 Ga. App. 149, 149–51

---

[2] The Court also acknowledges successful defenses offered by insurance companies on similar facts in other states. *See Speer v. Prudential Ins. Co. of Am.*, 645 Fed. App'x 821, 822–23, 825 (10th Cir. 2016) (affirming dismissal at

(2021) (affirming the trial court's decision to grant summary judgment for the insurer, where the plaintiff alleged a claim for "bad faith failure to perform under an insurance contract" after the insurer processed a forged form purporting to change the insured's designated beneficiary); *see also id.* at 150–51 ("Georgia law does not impose a duty upon insurance companies to investigate and determine if a person fraudulently completes and submits a change of policy form.").

### B. Negligence

American General next moves to dismiss any negligence counterclaim, to the extent the Defendant alleges one. (Br. in Supp. of Pl.'s Mot. to Dismiss Countercl., at 7–9 (pointing to O.C.G.A. § 33-4-6 as an "exclusive remedy for failure to pay" and the statute of limitations for personal injury claims).) The Defendant responds that he does not allege any negligence counterclaim, only a single claim under O.C.G.A § 33-4-6. (Def.'s Resp. Br. in Opp'n to Pl.'s Mot. to Dismiss Countercl., at 5–6 [Doc. 14].) The Court agrees that a negligence claim would fail as a matter of law, if alleged, and grants the Motion to Dismiss to the extent the Defendant alleges a negligence counterclaim.

---

summary judgment, after finding the insurer "acted in good faith" when it mailed the plaintiff's check to his brother's address in accordance with the sworn affidavit his brother provided); *Anderson v. Metro. Life Ins. Co.*, 226 N.J. Super. 494, 495–96 (N.J. Super. Ct. Law Div. 1987) (granting summary judgment in favor of the insurer, where the parties did not dispute that the insurer discharged its obligation by sending a check in accordance with the claim form but where plaintiff's father intercepted and cashed the check).

## IV.   Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff American General Life Insurance Company's Motion to Dismiss Counterclaim [Doc. 12].

SO ORDERED, this ___7th___ day of August, 2026.

THOMAS W. THRASH, JR.
United States District Judge